IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00944-BNB

RICKEY PURDY,

Applicant,

v.

HOYT BRILL, Warden, KCCC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Rickey Purdy, is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Purdy initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 5, 2009, he filed an amended application on the proper form. Mr. Purdy is challenging the validity of his conviction and sentence in Arapahoe County District Court case number 05CR234.

The court must construe the amended application liberally because Mr. Purdy is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Purdy will be ordered to file a second amended application if he wishes to pursue his claims in this action.

The court has reviewed the amended application and finds that it is deficient because Mr. Purdy fails to provide a clear statement of each of his three claims

showing that he is entitled to relief. Mr. Purdy's first two claims, both of which assert prosecutorial misconduct, are deficient because he fails to allege what specific misconduct violated his rights. Instead, Mr. Purdy makes only vague and conclusory allegations that the prosecutor expressed a personal opinion about the credibility of a witness that misstated the evidence and mislead the jury (claim one) and that the jury was distracted during deliberations due to the prosecution's comments (claim two). Mr. Purdy never identifies the specific misconduct, i.e., exactly what the prosecutor said or did, that allegedly violated his rights and denied him a fair trial. Mr. Purdy does refer to his state court opening brief in support of his prosecutorial misconduct claims, but he has not provided the court with a copy of that brief. Therefore, any explanations of Mr. Purdy's prosecutorial misconduct claims that may be in the referenced brief are not before the court. With respect to his third claim for relief, in which he challenges the constitutionality of the Colorado Sex Offenders Lifetime Supervision Act, Mr. Purdy fails to provide a clear statement regarding which of his federal constitutional rights allegedly have been violated and why.

Therefore, if Mr. Purdy wishes to pursue any claims in this action, he must file a second amended application in which he clarifies exactly what federal claims he is raising and in which he provides specific factual allegations in support of each asserted claim. Mr. Purdy is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Purdy must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules

are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Purdy file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Purdy, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Purdy fails within the time allowed to file a second amended application as directed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 16th day of July, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00944-BNB

Rickey Purdy
Prisoner No. 130583
Kit Carson Corr. Center
PO Box 2000 - CA-119
Burlington, CO 80807


    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 7/17/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk