IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00944-BNB

RICKEY PURDY,

Applicant,

v.

HOYT BRILL, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Rickey Purdy is a prisoner in the custody of the Colorado Department
of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Purdy
has filed **pro se** on August 10, 2009, a second amended application for a writ of
habeas corpus challenging the validity of his conviction and sentence in case number
05CR234 in the Arapahoe County District Court. In an order filed on August 14, 2009,
Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response
limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d)
and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents
intend to raise either or both of those defenses. On September 22, 2009, Respondents
filed their Pre-Answer Response. On October 7, 2009, Mr. Purdy filed a reply to the
Pre-Answer Response. For the reasons stated below, the Court will draw this case to a
district judge and to a magistrate judge.

Mr. Purdy was convicted by a jury of sexual assault on a child under the age of fifteen and first degree criminal trespass in an automobile. He was sentenced to an indeterminate term of four years to life in prison for the sexual assault count and a lesser, concurrent term for the trespass count. The judgment of conviction and sentence were affirmed on direct appeal. *See People v. Purdy*, No. 06CA0724 (Colo. Ct. App. June 12, 2008) (unpublished). On October 6, 2008, the Colorado Supreme Court denied Mr. Purdy's petition for writ of certiorari on direct appeal.

In February 2009, Mr. Purdy filed in the trial court a postconviction motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. He alleges that the postconviction motion remains pending. According to Respondents, counsel was appointed to represent Mr. Purdy in the state court postconviction proceedings and counsel has been granted permission to convert the Rule 35(b) motion into a postconviction Rule 35(c) motion. A hearing on the state court postconviction motion was set for September 28, 2009.

The Court received the instant action for filing on April 14, 2009. In the second amended application, Mr. Purdy raises three claims for relief. He first claims that he was denied a fair trial when the prosecution expressed a personal opinion on the credibility of a witness, misstated the evidence, and misled the jury. Mr. Purdy's second claim is that the prosecutor made improper comments that warranted a mistrial and denied him a fair trial. Mr. Purdy finally claims that the Colorado Sex Offender Lifetime Supervision Act is unconstitutional.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d) and that Mr. Purdy has exhausted state court remedies for the three claims

2

asserted in the second amended application. However, Respondents contend that this

action should be dismissed for failure to exhaust state remedies because Mr. Purdy

currently is challenging his conviction in state court postconviction proceedings.

Respondents cite *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983), in

support of their argument that this action should be dismissed for failure to exhaust

state remedies despite the fact that all of the claims raised in this action are exhausted.

In *Sherwood*, the petitioner was convicted of manslaughter in state court and, during

the course of his direct appeal, he filed several requests for counsel and a free

transcript that were denied. *Id.* at 633. The petitioner then filed a § 2254 petition in

federal court challenging the denials of his requests for counsel and a free transcript

while his direct appeal remained pending. *Id.* The United States Court of Appeals for

the Ninth Circuit affirmed the denial of the § 2254 petition for failure to exhaust state

remedies. *Id.* at 634. In dicta, the Ninth Circuit stated that the petitioner would not

satisfy the statutory exhaustion requirements of § 2254(b) and (c) even if he exhausted

all available state remedies because

> [w]hen, as in the present case, an appeal of a state criminal
> conviction is pending, a would-be habeas corpus petition
> must await the outcome of his appeal before his state
> remedies are exhausted, even where the issue to be
> challenged in the writ of habeas corpus has been finally
> settled in the state courts.

*Id.* at 634. In support of this dicta, the Ninth Circuit reasoned that "even if the federal

constitutional question raised by the habeas corpus petitioner cannot be resolved in a

pending state appeal, that appeal may result in the reversal of the petitioner's

conviction on some other ground, thereby mooting the federal question." *Id.*

3

The Court is not persuaded by Respondents' argument.  The fact that Mr. Purdy has pending in state court a postconviction motion in which he raises claims that are not being raised in the instant action does not mean that this action may be dismissed for failure to exhaust state remedies.  *See Nowaczyk v. Warden*, 299 F.3d 69, 76-77 (1st Cir. 2002) (rejecting argument that *Sherwood* requires dismissal of a habeas corpus petition raising fully exhausted claims based on existence of a concurrent state court action raising different claim); *see also United States ex rel. Boyance v. Myers*, 372 F.2d 111, 112 (3d Cir. 1967) (per curiam) (holding that "[i]t is no bar to federal adjudication of the merits of the present claim that a separate claim for relief on a different ground is pending in a state court").  Respondents concede that all of Mr. Purdy's claims in the second amended application are exhausted and that the claims he is raising in the pending state court postconviction motion are not being asserted in this action.  Although it may be appropriate to delay consideration of Mr. Purdy's properly exhausted claims while the state court postconviction proceedings are pending, the power to delay does not include "the discretion to dismiss an action properly before the court and within its statutory jurisdiction." *Nowaczyk*, 299 F.3d at 80.

In summary, Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d) and that Mr. Purdy has exhausted state remedies for the three claims he raises in the second amended application.  The Court does not agree that this action should be dismissed for failure to exhaust state remedies based on the fact that Mr. Purdy currently is pursuing another claim or claims

4

in a state court postconviction proceeding. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _21_ day of ___October___, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-00944-BNB

Rickey Purdy
Prisoner No. 130583
Kit Carson Corr. Center
PO Box 2000 - CA-119
Burlington, CO 80807

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/22/09

GREGORY C. LANGHAM, CLERK

By: _____
                        Deputy Clerk