IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00944-WYD

RICKEY PURDY,

      Applicant,

v.

HOYT BRILL, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER TO SUPPLEMENT ANSWER

---

Applicant, Rickey Purdy, initiated this action on April 14, 2009, by submitting a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. At the time of filing, he was a prisoner in the custody of the Colorado Department of Corrections and was incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He filed an Amended Application on June 5, 2009, and a Second Amended Application on August 10, 2009.

As part of the preliminary consideration of the Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, Magistrate Judge Boyd N. Boland determined that a limited pre-answer response was appropriate. Therefore, on August 14, 2009, Respondents were directed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), to file a pre-answer

response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted their pre-answer response on September 22, 2009. Applicant filed a reply on October 7, 2009.

On October 22, 2009, Senior Judge Zita L. Weinshienk determined that the action was timely, and that Applicant's claims were exhausted in the state courts. Accordingly, Senior Judge Weinshienk ordered the case drawn to a district judge and a magistrate judge.

On October 23, 2009, the Court entered an Order directing Respondents to file an Answer conforming to the requirements of Rule 5 of the Rules Governing Section 2254 Cases. After receiving an extension of time, Respondents filed an Answer on December 14, 2009. Applicant has not filed a Reply. Further, as of July 20, 2010, Applicant's mail has been returned to the Court as undeliverable.

The Court has reviewed the Answer and has determined that a supplement is required. In the Answer, Respondents argue that the action should be dismissed without prejudice. Respondents assert that on February 9, 2009, Applicant filed a post-conviction motion pursuant to Colorado Rule of Criminal Procedure 35(b) in the state court that was converted to a Rule 35(c) motion on May 13, 2009. Respondents state that an attorney was appointed to represent Applicant, and that a hearing on the post-conviction motion was set for February 8, 2010. Respondents argue that "[a]s Applicant has elected to pursue a timely state postconviction remedy to obtain relief that could

render his federal habeas proceeding moot . . . this Court should dismiss the Application without prejudice." Answer at 6.

The Court has received no additional information regarding the outcome of the Rule 35(c) motion that was set for a hearing in the state court on February 8, 2010. Therefore, the Court cannot determine whether Applicant has obtained relief that has now rendered this proceeding moot. Further, because Applicant's mail has been returned as undeliverable, it is not clear if he is currently in the custody of the Colorado Department of Corrections.

Therefore, Respondents will be directed to file a supplement to the Answer and to provide the requested documentation and information as discussed in this order. Respondents should also raise any additional arguments that they deem applicable. Accordingly, it is

ORDERED that **within twenty-one days of the date of this Order**, Respondents shall file a supplement to the Answer that complies with this order. It is

FURTHER ORDERED that Applicant shall have **twenty-one days from the date Respondents file a Supplemental Response** to file a Supplemental Reply.

Dated: October 20, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge